MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Nides Valencia, Jr., | No. CV 14-1359-PHX-DGC (JZB) |
| Plaintiff, | |
| vs. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

On June 18, 2014, Plaintiff Gregory Nides Valencia, Jr., who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and invoked the Court's supplemental jurisdiction over his state law claims. He also filed an Application to Proceed *In Forma Pauperis*. On July 24, 2014, he filed a second Application to Proceed *In Forma Pauperis*. On August 4, 2014, he filed a Motion for Preliminary Injunction and a Memorandum and a Declaration in support of the Motion.

In a September 12, 2014 Order, the Court granted the second Application to Proceed, ordered Defendant Martin to answer the Eighth Amendment claim regarding Defendant Martin's denial of a no-nitrate diet for Plaintiff, dismissed without prejudice the remaining claims and Defendants, and denied without prejudice the Motion for a Preliminary Injunction.

. . . .

. . . .

On September 25, 2014, Plaintiff filed a second Motion for a Preliminary Injunction (Doc. 14) and a Memorandum and Declaration in support of the Motion. On October 2, 2014, he filed a Motion for Reconsideration (Doc. 18).

**I.  Motion for Reconsideration**

In his Motion for Reconsideration, Plaintiff requests that the Court reconsider its dismissal of Defendants Arizona Department of Corrections (ADOC) Director Charles L. Ryan; Wexford Health Services, Inc. (Wexford); Corizon Health Services, Inc. (Corizon); Trinity Food Services, Inc. (Trinity); and ADOC/Trinity Dietician April Dishman. The Court dismissed these Defendants because Plaintiff's allegations against them in the Complaint were nothing more than vague and conclusory allegations against a group of Defendants, without any actual specificity as to what each particular Defendant did or failed to do, and because Plaintiff did not identify when he complained to each Defendant, the substance of his complaint, what each Defendant did or failed to do, and how that particular Defendant's conduct constituted deliberate indifference to a serious medical need.

In his Motion for Reconsideration, Plaintiff refers the Court to an ADOC Department Order and makes factual assertions against Defendants Wexford, Corizon, Trinity, Ryan, and Dishman. It appears Plaintiff is attempting to bolster the deficient allegations in his Complaint.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101

(E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed the Complaint, the September 12, 2104 Order, and the Motion for Reconsideration. Plaintiff's new allegations do not alter the Court's conclusion that Plaintiff's allegations against Defendants Wexford, Corizon, Trinity, Ryan, and Dishman **in the Complaint** were deficient. The Court finds no basis to reconsider its decision. Thus, the Court will deny Plaintiff's Motion for Reconsideration.[1]

## II. Second Motion for Preliminary Injunction

Whether to grant or deny a motion for a preliminary injunction is within the Court's discretion. *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir. 1979). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

A preliminary injunction is an extraordinary and drastic remedy and will not be granted absent a clear showing of likely success in the underlying claim and possible

---

[1] If Plaintiff wants to amend his Complaint to present additional allegations, he must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

- 3 -

irreparable injury. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*). An injunction or temporary restraining order is appropriate to grant intermediate relief of the same character as which may be granted finally, and relief is not proper when requested on matters lying wholly outside the issues in suit. *See DeBeers Consol. Mines v. United States.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *amended*, 131 F.3d 950 (11th Cir. 1997). To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Plaintiff does not specifically identify in his second Motion for a Preliminary Injunction what specific injunctive relief he desires. However, in his Declaration in Support, Plaintiff states that he is entitled to a preliminary injunction "requiring the Defendant to arrange for an examination/test for sensitivity to nitrates and a plan of treatment by a qualified specialist, and . . . requiring Defendant Martin to carry out that plan of treatment."

In the September 12, 2014 Order, the Court only required Defendant Martin to answer Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Martin regarding Defendant Martin's denial of Plaintiff's no-nitrate diet that had been prescribed by a doctor. The injunctive relief Plaintiff requests in his Declaration in Support relates to matters outside the very limited issue remaining in this lawsuit. Thus, the Court, in its discretion, will deny Plaintiff's second Motion for Preliminary Injunction without prejudice to Plaintiff filing a new motion for a preliminary injunction seeking relief only against Defendant Martin regarding the no-nitrate diet.

**III.   Warnings**

   **A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he

intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Plaintiff is not required to serve Defendants with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4. If Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be notified of the requirements for service and copies for the Court that are required for inmates whose cases are not subject to General Order 14-17.

**IT IS ORDERED:**

(1) The reference to Magistrate Judge John Z. Boyle is **withdrawn only** with respect to Plaintiff's second Motion for Preliminary Injunction (Doc. 14) and his Motion for Reconsideration (Doc. 18).

(2) Plaintiff's second Motion for Preliminary Injunction (Doc. 14) is **denied without prejudice**.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

1       (3)    Plaintiff's Motion for Reconsideration (Doc. 18) is **denied**.

2       (4)    All other matters **must remain** with Magistrate Judge John Z. Boyle for disposition as appropriate.

    Dated this 25th day of November, 2014.

                                                  David G. Campbell
                                             United States District Judge